UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
PHILIP DOMINGUEZ,

        Plaintiff,

-against-

METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD
COMPANY, GEORGE FARRELL,
and MICHAEL BARTO,

        Defendants.
------------------------------x

12 Civ. 1694(CBA)(LB)

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant, The Long Island Rail Road Company ("LIRR")[1], by and through their attorney, Richard L. Gans, ESQ., answers Plaintiff's Complaint as follows:

## I. PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations set forth in Section I of his complaint except to admit that the principal office of the LIRR is located in Jamaica, New York and that Michael Barto and George Farrell were employed by the LIRR at the relevant times set forth herein.

## II. Jurisdiction

2. Defendant denies the truth of the allegations asserted in Section II of the complaint except to admit that plaintiff purports to bring an action pursuant Title VII of the Civil Rights Act of 1964, as amended, Vol. 42, U.S.C. § 2000e.

## III. Statement of Claim

3. Defendant denies the truth of the allegations asserted in ¶ 1 of the complaint except

---

[1] Defendants Metropolitan Transportation Authority, George Farrell and Michael Barto have moved to dismiss the complaint pursuant to Rule 12(b)(6) contemporaneously with this answer.

to admit that plaintiff purports to bring an action alleging discrimination on the basis of race and national origin.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in ¶ 2 of the Complaint

5. Defendant denies the truth of the allegations asserted in ¶ 3 of the complaint, except to admit that plaintiff was employed by the LIRR from July 25, 2007 to May 1, 2009.

6. Defendant denies the truth of the allegations asserted in ¶ 4 of the complaint, except to admit that plaintiff was hired as a Block Operator in July 2007.

7. Defendant denies the truth of the allegations asserted in ¶ 5 of the complaint.

8. Defendant denies the truth of the allegations asserted in ¶ 6 of the complaint, except to admit that plaintiff was charged with committing an operational error on September 10, 2008.

9. Defendant denies the truth of the allegations asserted in ¶ 7 of the complaint, except to admit that plaintiff accepted responsibility for his operational error and was disciplined for his September 10, 2008 operational error consistent with the LIRR's progressive discipline policy.

10. Defendant denies the truth of the allegations asserted in ¶ 8 of the complaint, except to admit that plaintiff was charged with committing an operational error in November 2008.

11. Defendant denies the truth of the allegations asserted in ¶ 9 of the complaint, except to admit that plaintiff accepted responsibility for his operational error and was disciplined for his November 2008 operational error consistent with the LIRR's progressive discipline policy.

12. Defendant denies the truth of the allegations asserted in ¶ 10 of the complaint.

13. Defendant denies the truth of the allegations asserted in ¶ 11 of the complaint,

except to admit that the LIRR commenced an investigation to determine if plaintiff provided false information on his employment application.

14. Defendant denies the truth of the allegations asserted in ¶ 12 of the complaint.

15. Defendant denies the truth of the allegations asserted in ¶ 13 of the complaint, except to admit that plaintiff was charged with conducting unbecoming an employee for providing false information on his employment application.

16. Defendant denies the truth of the allegations asserted in ¶ 14 of the complaint, except to admit that plaintiff provided inaccurate information for his previous work experience while employed by New Jersey Transit on his employment application with the LIRR.

17. Defendant denies the truth of the allegations asserted in ¶ 15 of the complaint.

18. Defendant denies the truth of the allegations asserted in ¶ 16 of the complaint, except to admit that following plaintiff's disciplinary trial there was sufficient evidence to believe that plaintiff was guilty of conduct unbecoming an employee and that the penalty of termination was the appropriate sanction for his misconduct.

19. Defendant denies the truth of the allegations asserted in ¶¶ 17, 18 of the complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations asserted in ¶ 19.

21. Defendant denies the truth of the allegations asserted in ¶¶ 20, 21 of the complaint.

22. Paragraph 22 of the complaint is a reservation of rights to which no response is required, to the extent a response is required Defendant denies the truth of the allegations asserted in ¶22 of the complaint.

## IV. REMEDY

23. Defendant denies that Plaintiff is entitled to any of the relief requested in Section IV of Complaint.

### FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, for failure to provide proper notice of his claims.

### THIRD AFFIRMATIVE DEFENSE

26. The LIRR exercised reasonable care to prevent and correct promptly the conduct complained of by Plaintiff, which was not discriminatory conduct, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the LIRR.

### FOURTH AFFIRMATIVE DEFENSE

27. All actions taken by the LIRR with respect to Plaintiff were for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

28. All actions taken by the LIRR with respect to Plaintiff were for legitimate, non-discriminatory reasons without regard to Plaintiff's race or color.

### SIXTH AFFIRMATIVE DEFENSE

29. All actions taken by the LIRR with respect to Plaintiff were pursuant to the applicable Collective Bargaining Agreement and in accordance with LIRR rules and policies.

### SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are preempted and/or precluded, in whole or in part, by the

Railway Labor Act.

### EIGHTH AFFIRMATIVE DEFENSE

31. The Railway Labor Act deprives this Court of jurisdiction over some or all of plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, because he has not suffered any legally cognizable damages due to any actions by the LIRR

### TENTH AFFIRMATIVE DEFENSE

33. Plaintiff failed to mitigate the damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

34. The LIRR is not liable for punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Waiver.

### FOURTEEHTH AFFIRMATIVE DEFENSE

37. All actions taken by the LIRR with respect to Plaintiff were pursuant to the applicable LIRR rules and policies.

**WHEREFORE**, Defendant requests judgment dismissing Plaintiff's Complaint with prejudice, granting Defendant its costs, disbursements and attorney's fees incurred in defending this action and for such other and further relief that this Court deems just and proper.

Dated:      Jamaica, New York
              June 4, 2012

                                      RICHARD L. GANS, ESQ.
                                      Vice President-General Counsel & Secretary
                                      Attorney for Defendant
                                      Long Island Rail Road Company

                                      By: _____
                                            Kevin McCaffrey
                                      Long Island Rail Road Company
                                      Law Department - 1143
                                      Jamaica Station
                                      Jamaica, New York 11435
                                      (718) 558-6820

To:      Philip Dominguez
          901 Avenue H, Apt. #2-0
          Brooklyn, NY 11230